Filed 7/16/26  Wallace v. City of Oakland CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| ANDRE WALLACE,<br><br>　　　Plaintiff and Appellant,<br>v.<br>CITY OF OAKLAND,<br><br>　　　Defendant and Respondent. | A171582<br><br>(Alameda County<br>Super. Ct. No. 23CV025588) |

Andre Wallace appeals the grant of summary judgment in favor of the City of Oakland (City) in this personal injury case.  Wallace contends that the timing of the summary judgment hearing violated former Code of Civil Procedure section 437c, subdivision (a)(3),[1] which states that the "motion shall be heard no later than 30 days before the date of trial, unless the court for good cause orders otherwise."  The City's summary judgment motion was heard more than 30 days before the trial date, but fewer than 30 days before the pretrial conference, which the trial-setting order stated "is the first day of trial for all purposes, including . . . deadlines derived from the date set for

---

[1] Undesignated code references are to the Code of Civil Procedure.

Section 437c was revised effective January 1, 2025.  All references to this statute are to the version in effect in 2024 unless otherwise specified.

1

trial." Even assuming that the pretrial conference was the relevant deadline—an issue we do not decide—we affirm because the trial court did not abuse its discretion in finding good cause to hear the motion and because Wallace has not demonstrated prejudice.

## BACKGROUND

Wallace alleges that he tripped while crossing a railroad track at the intersection of Embarcadero West and Clay Street in Oakland. In January 2023, he sued the City, Alameda County, and Union Pacific Railroad. Wallace asserted negligence, failure to warn, and dangerous condition of public property claims. On April 25, 2023, the trial court sustained with leave to amend Alameda County's unopposed demurrer. On June 21, 2023, the trial court entered a case management and trial-setting order, setting a pretrial conference for August 30, 2024, and trial for September 9, 2024. The order stated that the pretrial conference "is the first day of trial for all purposes, including for purposes of the Local Rules, the discovery cut-off periods prescribed in the Code of Civil Procedure and other deadlines derived from the date set for trial."

On July 12, 2023, the trial court reset the pretrial conference to October 25, 2024, and reset the trial to November 4, 2024. The order resetting trial dates contained the same admonition that the pretrial conference is the first day of trial for all purposes, including calculation of deadlines. On November 28, 2023, the case was reassigned to a new judge in the same department.

Union Pacific Railroad moved for summary judgment on April 30, 2024, arguing that Wallace could not prove causation and that the claims were barred by recreational immunity and federal preemption. The hearing was noticed for July 16, 2024.

2

On July 3, 2024, the City filed a motion for summary judgment and noticed the hearing on it motion for October 1, 2024—more than 30 days before the November 4 trial date, but fewer than 30 days before the October 25 pretrial conference. The City argued that summary judgment was proper because Union Pacific Railroad, not the City, owned and controlled the area where Wallace tripped; that the City's property was not in a dangerous condition; that the City is immune from the negligence claim; and that the City could not be held liable for failure to warn.

On July 16, 2024, the trial court granted Union Pacific Railroad's summary judgment motion, finding that Wallace failed to identify any triable issues of material fact. That ruling is not at issue here.

Wallace's opposition to the City's motion was due September 17, 2024, which was 14 days before the noticed hearing date. (§ 437c, subd. (b)(2).) He did not file an opposition, request an extension, or otherwise respond to the motion by the deadline. On September 26, 2024, just five days before the noticed hearing date, Wallace filed a three-page "Opposition and Objection" to the City's summary judgment motion. Wallace argued that the trial court lacked "jurisdiction" to hear the motion because it was noticed for only 24 days before the pretrial conference, which, according to the trial-setting order, was to be considered the first day of trial. He contended that the City was "intentionally interfering with [his] trial preparation" and made clear that he did not waive the "defective notice." But Wallace did not identify any reason for filing an untimely response, assert that he was unable to prepare an opposition on the merits, or seek to continue the hearing, pretrial conference, or trial dates. Instead, he asked that the summary judgment motion "be ordered off-calendar and/or denied."

3

The same day, September 26, 2024, the trial court issued a tentative ruling it apparently prepared before receiving the objection, granting the City's summary judgment motion because the City met its burden of a prima facie showing that Wallace could not prove the elements of his claims "and Plaintiff has not opposed to refute this showing."

Wallace contested the tentative ruling at the hearing on October 1, 2024. He argued that a trial court has authority to deem the pretrial conference the start of trial, citing no authority but analogizing to situations where a case may not be assigned a courtroom until weeks after the trial date. In response, the City argued that the 30-day rule is not jurisdictional and that Wallace had ample notice. It urged the trial court to find good cause to proceed with the hearing. Wallace then asserted that the City was required to obtain a good cause order before the motion could be heard. In Wallace's view, because there had not yet been a finding of good cause, the trial court lacked authority to hear the motion.

After taking the matter under submission, the trial court granted summary judgment in favor of the City on October 1 and entered an amended order on October 2, 2024. The court noted that Wallace had not opposed the motion on the merits and instead had filed "an untimely opposition/objection raising procedural issues." The trial court first ruled that "[t]here is no dispute that the hearing was more than 30 days before the actual trial date, and on this ground alone the motion was timely." Next, the trial court ruled that section 437c, subdivision (a)(3)'s 30-day requirement was not jurisdictional based on *Beroiz v. Wahl* (2000) 84 Cal.App.4th 485 (*Beroiz*), which both parties had invoked. It then found good cause to hear the motion, "even if it is within the 30 day period," because the "sentence plaintiff relies on embedded in the pretrial order is confusing or at least ambiguous given

4

the actual setting of a trial date"; "[p]laintiff had ample advance notice and failed to show prejudice"; and "[p]laintiff also failed to raise the issue or seek clarification regarding the trial date once the motion had been filed."

The trial court then went on to rule on the merits of the motion. As to the negligence claim, it found the City met its burden of introducing evidence "that it did not own, possess or control any part of the railroad tracks or surrounding areas where [Wallace] tripped and that several local ordinances mandate that it is the responsibility of the railroad company . . . to maintain the use and safety of the tracks," and Wallace offered no evidence in response. Without ownership or control, there could be no duty, and so the trial court granted summary judgment to the City. Similarly, the trial court found the City had introduced evidence that it owed no duty to warn and that it had no notice of any dangerous conditions. Because Wallace did not respond, the trial court granted summary judgment to the City on these claims as well. Last, the trial court held as a matter of law that a city is under no duty to light its streets, meaning the alleged lack of lighting at the railroad crossing could not give rise to a claim.

Wallace timely appealed.[2]

## DISCUSSION

We review for abuse of discretion a finding of good cause to hear a summary judgment motion within 30 days of trial. (*Robinson v. Woods*

---

[2] The City notes that Wallace appealed on October 2, yet judgment was not entered until October 3. It provides no record cite in support, the appellate record contains no separate judgment, and the Civil Case Information Sheet states judgment was entered on October 2. Even if the appeal was premature, the Court may treat an appeal from an order granting summary judgment as an appeal from the ensuing judgment. (Cal. Rules of Court, rule 8.104(d)(2); *Mukthar v. Latin American Security Service* (2006) 139 Cal.App.4th 284, 288.)

5

(2008) 168 Cal.App.4th 1258, 1261 (*Robinson*); *Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 717.) A trial court abuses its discretion only when its ruling " ' "exceed[s] the bounds of reason, all of the circumstances before it being considered." ' " (*Rush v. White Corp.* (2017) 13 Cal.App.5th 1086, 1098 (*Rush*), quoting *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.) We review a grant of summary judgment de novo. (*Pagan v. City of San Rafael* (2026) 119 Cal.App.5th 853, 862.) Further, a court's procedural error will be reversed only where it "has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13.)

Section 437c governs summary judgment procedure. At the time the City's motion was heard, section 437c, subdivision (a)(2) required that the notice of motion and supporting papers be served at least 75 days before the hearing; if "served by facsimile transmission, express mail, or another method of delivery providing for overnight delivery, the required 75-day period of notice shall be increased by two court days." Courts may not shorten this notice period "absent the express consent of the parties." (*Robinson*, *supra*, 168 Cal.App.4th at p. 1264; quoting *Urshan v. Musicians' Credit Union* (2004) 120 Cal.App.4th 758, 768.)

Section 437c, subdivision (a)(3) provides that the "motion shall be heard no later than 30 days before the date of trial, unless the court for good cause orders otherwise."

Wallace first argues that the trial court lacked jurisdiction to hear the City's motion within 30 days of the pretrial conference, which he considers the relevant deadline based on the trial-setting order. Wallace concedes, however, that a court may for good cause hear a summary judgment motion within the 30-day limit. Thus, because the trial court has discretion to alter

6

the deadline, the requirement "is not jurisdictional."  (See *Beroiz, supra,* 84 Cal.App.4th at p. 493, fn. 4.)

The question, then, is whether the trial court abused its discretion when it found good cause to hear the motion as scheduled.  (See *Robinson, supra,* 168 Cal.App.4th at p. 1261.)  It did not.

The trial court's good-cause finding was supported by the record and within " ' "the bounds of reason." ' "  (*Rush, supra,* 13 Cal.App.5th at p. 1098.) It first found that the trial-setting order—issued by another judge in the same department—was "confusing or at least ambiguous given the actual setting of a trial date."  A single sentence on the fourth page of an eight-page, single-spaced case management and trial-setting order purports to treat the pretrial conference as trial for "all purposes."  Yet both case law and the Code of Civil Procedure make clear that pretrial conferences and trials are separate events, and the trial court's order separately set pretrial conference and trial dates.[3]  (See *J.C. Penney Co. v. Superior Court* (1959) 52 Cal.2d 666, 670 ["[a] pre-trial conference . . . is merely a step, even though a vital one, leading to the trial"]; compare Code Civ. Proc., title 7a ["Pretrial Conferences"] with *id.,* title 8 ["Of the Trial and Judgment in Civil Actions"].) It was not outside the bounds of reason for the trial court to find that a litigant could be confused by a sentence in an order that appears to conflict with the Code of Civil Procedure, established case law, and other parts of the same order.

---

[3] The City urges us to affirm on the ground that the trial court's order impermissibly contravened state law.  (Citing *Jameson v. Desta* (2018) 5 Cal.5th 594, 613–614; *Cole v. Superior Court* (2007) 87 Cal.App.5th 84.)  We need not decide this issue, given our conclusion that the trial court's good cause finding was not an abuse of discretion.

Second, the trial court found that Wallace had been dilatory. This finding, too, was well within the court's discretion. The City electronically served Wallace with its motion on July 3, noticing the hearing for October 1. Had Wallace promptly raised his objection, the trial court could have adjusted the hearing or trial date to afford 30 days between the two. For example, advancing the hearing to September 24—one week before the noticed date—would have complied both with the 77-day notice requirement in section 437c, subdivision (a)(2), and with the 30-day period before trial required by subdivision (a)(3). Yet Wallace took no action for nearly three months. He missed the deadline for opposing the City's motion by more than a week then, just a few days before the hearing, filed his untimely objection when the trial court had already prepared a tentative ruling. Wallace never offered any explanation for the late filing. We see no abuse of discretion in the trial court's determination that Wallace's lack of diligence was good cause to hear the motion as originally set. (See *Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 547–548 [noting "substantial inefficiencies" resulting from request for continuance made after court had prepared for summary judgment hearing].)

Third, the trial court found that Wallace "failed to show prejudice." Wallace did not contend that he was prevented in any way from preparing an opposition on the merits, identify any evidence or legal argument he would have put forward if given more time, or show that he ever sought leave to address the merits should the trial court decide to hear the motion. Indeed, the only conceivable reference to prejudice in Wallace's objection was his claim that "Defendant is intentionally interfering with plaintiff's trial preparation." That type of conclusory assertion is insufficient. (See *People v.*

8

*Cardenas* (1997) 53 Cal.App.4th 240, 248 ["broad and conclusory assertions of prejudice are not enough"].)

Wallace does not meaningfully challenge the substance of the trial court's good-cause finding. Instead, he rests entirely on a procedural objection: that the City should have sought, and the trial court should have issued, a separate good-cause order *before* the noticed hearing date, and that the trial court erred by ruling on the merits without first separately finding good cause. The Code of Civil Procedure does not specify a deadline for the good cause finding. (§ 437c, subd. (a)(2).) Indeed, as the City correctly notes, a finding of good cause need not even be express; it can be implied. (*Armato v. Baden* (1999) 71 Cal.App.4th 885, 899.)

Although he offers no detailed discussion, Wallace appears to rely on *Robinson*, *supra*, 168 Cal.App.4th 1258, for his argument that the trial court was powerless to reach the merits without a separate, prehearing good cause order. *Robinson* is distinguishable.

In *Robinson*, the defendant's summary judgment motion was filed only 76 days before the hearing, instead of the 80 days required by the version of section 473c, subdivision (a) in effect at the time for service by mail, and the hearing was noticed only 18 days before trial, rather than the presumptively required 30 days. (*Robinson*, *supra*, 168 Cal.App.4th at p. 1260.) The plaintiffs timely filed an objection to both the notice and hearing date violations but did not address the merits. (*Ibid.*) At the hearing, the trial court continued the hearing for four days, so that it fell on the 80th day after service, and invited the defendant to submit a declaration showing good cause for hearing the motion within 30 days of trial. (*Id.* at p. 1261.) It also invited plaintiffs to submit a separate statement responding to the merits. (*Ibid.*) Plaintiffs argued the motion should be dismissed, declined to respond

9

on the merits, and later argued they needed more than four days to address the merits. (*Ibid.*) The court granted summary judgment to the defendant based in part on plaintiffs' failure to respond. (*Ibid.*)

On appeal, our colleagues in the Second District explained that courts lack the authority to shorten the 80-day statutory notice period absent the parties' consent, and the trial court's attempt to cure the violation by extending the hearing by just four days was invalid. (*Robinson, supra*, 168 Cal.App.4th at pp. 1262, 1267–1268.) Instead, "the notice period had to begin anew." (*Id.* at p. 1268.) They also held that the plaintiffs had not waived the violation by filing only an objection and not responding on the merits. (*Id.* at p. 1267.) That holding alone required reversal, but the court went on to offer in dicta a second reason that, in its view, the plaintiffs were not required to file a merits response. It explained that "[u]nless and until the trial court found good cause, the notice of the hearing was invalid," and because the court found good cause the same day it heard the merits of the motion, plaintiffs were left with no time to prepare. (*Id.* at p. 1268.)

Unlike in *Robinson*, Wallace received the full notice period prescribed by section 437c, subdivision (a)(2). Despite having the full period to oppose or object, or to move to have the summary judgment motion taken off calendar or the trial date changed, Wallace did none of these. He sat on his hands until more than a week *after* his response was due, and filed an untimely objection without attempting to justify his tardiness. That is different from choosing to stand on a timely procedural objection to an inadequately noticed motion, and nothing in *Robinson* excuses Wallace's lack of diligence.

Finally, even if the timing of the good-cause finding were erroneous, Wallace has not established prejudice, as would be required for reversal. (See Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.) "Error is prejudicial if it is

10

reasonably probable that a result more favorable to the appellant would have been reached absent the error." (*Red Mountain, LLC v. Fallbrook Public Utility Dist.* (2006) 143 Cal.App.4th 333, 348.) Wallace "bears the duty of spelling out in his brief exactly how the error caused a miscarriage of justice." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.) Wallace does not address prejudice at all. While we are "not required to examine undeveloped claims, nor to make arguments for parties" (*ibid.*), we discern no prejudice from our review of the record.

Wallace never sought leave to address the merits, nor has he identified any evidence or legal argument that he would have put forward in response to the City's summary judgment motion if given the opportunity. Further, he seems to believe that the remedy for a violation of the 30-day requirement is for the trial court to deny the motion or take it off calendar. But a trial court may not refuse to hear an otherwise timely filed summary judgment motion based on calendaring issues. (*Sentry Ins. Co. v. Superior Court* (1989) 207 Cal.App.3d 526, 529–530.) And the record before us gives us no reason to think the trial court would have decided the matter differently if it had heard the matter a week earlier or delayed the pretrial conference so as to comply with the 30-day requirement.

## DISPOSITION

The judgment is affirmed. In the interests of justice, the parties are to bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

11

TUCHER, P. J.


WE CONCUR:


FUJISAKI, J.
RODRÍGUEZ, J.

*Wallace v. City of Oakland* (A171582)